SUTIN, Judge (specially concurring). {29} I fully concur in Judge Fry’s Opinion. I write separately just to note a few matters. First, I cannot fault the district court for granting summary judgment when the Snyders, acting pro se, intentionally, if not flagrantly, disregarded important rules of procedure related to summary judgment proceedings and discovery. As indicated in Judge Fry’s Opinion, however, in scrutinizing judgments we need not overlook incorrect application of law, particularly when to do so can result in bad precedent. {30} Second, although Plaintiffs’ counsel attempted to make a case that the Valenzuelas did not understand how the tax delinquency system worked, it appears that the Valenzuelas received notice of delinquent taxes, failed to prove a valid reason for disregarding the delinquency, and at no time before or at the sale sought to satisfy the delinquency that amounted to no more than $215. {31} Third, although I concurred in Judge Pickard’s opinion in Cochrell, 2003-NMCA-094,1 think that the mandate in Section 7-38-67(E), that the Department “consider the value of the owner’s interest in the real property” in determining the minimum price for the property at the sale, requires more than indicated in Cockrell. I tend to doubt that the Legislature meant that the only care and caution in the Department’s thoughts in that regard need only go so far as to have some hope or expectation that a competitive bidding process will occur and might produce an ultimate purchase price significantly higher than the minimum price set to cover the delinquency. I think that the “consider the value of the owner’s interest” phrase is ambiguous and is in need of greater clarification, hopefully through legislation. {32} Fourth, it may be time for the Legislature to take another look at the tax sale provisions to explore whether some balanced approach can exist in tax sales that satisfies the policies of discouraging delinquencies, encouraging competitive bidding, and taking into consideration a purchaser’s title risks and any commensurate costs when receiving only a quitclaim deed, yet guarding against homeowner unconscionable loss and purchaser windfall. JONATHAN B. SUTIN, Judge